UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHARON P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01573-MJD-TWP |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's counsel's Motion for an Award of Attorneys Fees under 42 U.S.C. 406(b). [Dkt. 25.] For the reasons set forth below, the motion is **GRANTED**.

## I. Background

On May 12, 2017, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits. On March 13, 2018, the Court entered judgment reversing and remanding the case to the Social Security Administration for further proceedings. [Dkt. 21.] Plaintiff received an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $4,623.50, which was paid to Plaintiff's counsel. [Dkt. 24.]

On remand, the Commissioner issued a favorable decision [Dkt. 25-3], and Plaintiff was awarded past-due benefits in the amount of $97,772.50 [Dkt. 25-4]. On September 17, 2019, Plaintiff's counsel filed the instant motion for an award of attorney's fees pursuant to Section 406(b) of the Social Security Act. Consistent with counsel's fee agreement with Plaintiff, *see*

[Dkt. 25-2], counsel seeks an award of $24,078.25, which is the amount that has been withheld by the Social Security Administration for a potential attorney's fees award. [Dkt. 25-4 at 4]. The Commissioner does not object to the motion. *See* [Dkt. 28.]

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). Even where an attorney's section 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney's fees in the amount of $24,078.25, which is slightly less than 25 percent of the total past-due benefits awarded to Plaintiff. The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Those controls include the following parameters: (1) attorney fees may only be obtained if the claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of section 406(b) attorney's fees is appropriate.

However, a fee award of 25 percent of the amount of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel

2

spent on the case." *Gisbrecht*, 535 U.S. at 808. Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable. *See, e.g.*, *Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3–4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Courts also have awarded fees outside this range when warranted, such as when plaintiff's counsel "handle[s] [the] case in a very efficient manner." *Fitzpatrick v. Berryhill*, No. 1:15-cv-1865-WTL-MJD, Dkt. 33 at 2 (S.D. Ind. October 31, 2017).

In this case, Plaintiff's counsel states that his firm billed a total of 31.1 hours in this case (13.1 attorney hours and 18 non-attorney hours). Dividing $24,078.25 (i.e., the award counsel has requested under section 406(b)) by the 31.1 total hours spent on the case, the average hourly rate comes to $774.22. While this is somewhat higher than the generally expected range in the Seventh Circuit, the Court finds the total to be reasonable in light of the efficiency with which Plaintiffs' counsel was able to represent his client and the success achieved.

Finally, Plaintiff also received an award of $4,223.50 in EAJA fees. Generally, such an award offsets Plaintiff's section 406(b) award. *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel has asked the Court to order him to refund this amount to Plaintiff upon receipt of the section 406(b) award. [Dkt. 26 at 6-7.] However, the Court believes it to be more efficient to offset the section 406(b) fee award by the amount of the EAJA award. Thus, to prevent exceeding the 25 percent maximum fee, the Court offsets the $24,078.25 section 406(b) award by the $4,223.50 EAJA award. This reduces Plaintiff's counsel's section 406(b) fee award to $19,854.75.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Motion for an Award of Attorneys Fees under 42 U.S.C. 406(b), [Dkt. 25], and awards fees in the amount of $19,854.75, to be paid directly to Plaintiff's counsel.

SO ORDERED.

Dated: 15 OCT 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.